```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RICHARD L. DIXON,**

    Movant

v.                               CIVIL ACTION NO. 2:99-1011
                                    (Criminal No. 2:96-0191-01)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of Richard L. Dixon, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed February 28, 2006. United States Magistrate Judge Mary E. Stanley filed her Proposed Findings and Recommendation on May 11, 2006, and movant filed objections thereto on May 31, 2006, after having filed, on May 22, 2006, a request for extension of time. It is ORDERED that movant's May 22nd motion for extension be, and it hereby is, granted.

Movant is serving a life sentence of imprisonment pursuant to his April 4, 1997, criminal conviction on several

counts[1] as fully detailed by the magistrate judge.  (See PFR at 2.)  Movant pursued a consolidated direct appeal with his co-defendants, which appeal resulted, on October 22, 1998, in the vacation of his conviction under Count Two of the indictment and the affirmance of his other convictions and the sentences imposed thereon.

Movant filed, in November 1999, a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which motion was amended on January 6, 2000, after movant retained counsel.  The ground asserted in the amended motion was that movant's Fifth and Sixth Amendment rights were denied because his trial counsel failed to request a hearing or further inquiry into a matter regarding contact that occurred between three jurors and a trial witness -- a police officer who had effected a traffic stop involving those jurors -- after the case

---

[1] Including: Engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count One); conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count Two); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Three); traveling in interstate commerce to promote, carry on or facilitate a business enterprise involving possession with intent to distribute cocaine base, in violation of 18 U.S.C. §§ 2 and 1952(a)(3) (Count Sixteen); and knowingly and intentionally employing, hiring, using, persuading, inducing, or enticing a minor to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 861(a)(1) (Count Seventeen).

had been submitted to the jury for deliberations.  The section 2255 motion ultimately was denied on September 6, 2000.

Subsequently, the district court denied movant's application for a certificate of appealability, and the United States Court of Appeals for the Fourth Circuit denied an application for appealability and dismissed movant's appeal.  The United States Supreme Court then denied movant's petition for a writ of certiorari.  Later, on December 6, 2005, the court of appeals denied movant's motion for authorization to file a successive section 2255 motion.  On February 28, 2006, movant filed the motion for relief from judgment that is now before the court.

Movant's sole objection is that a "complete" evidentiary hearing was not conducted to "determine whether the [trial witness'] contact with the juror[s] was prejudicial" to him.  (Obj. at 2.)  But as the magistrate judge aptly explained, "the trial judge conducted a proper inquiry of the jurors involved and found that the communication was harmless."  (PFR at 9.)  All interested parties were present for the court's inquiry, and all were permitted to participate.  Having found that there was no need to conduct an evidentiary hearing during movant's section 2255 proceeding, the magistrate judge noted that there

3

Case 2:96-cr-00191   Document 756   Filed 06/26/06   Page 4 of 5 PageID #: 262

was no procedural defect that would entitle movant to relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Moreover, the court notes that a motion under Rule 60(b) should be made "within a reasonable time" and, under certain provisions of the rule including the one covering mistake, within one year of entry of judgment. Movant having asserted no ground for his Rule 60(b) motion that was not known to him at the time his section 2255 motion was denied on September 6, 2000, his motion is untimely.

For the reasons set forth above and in the proposed findings and recommendation of the magistrate judge, which is hereby adopted and incorporated herein, it is ORDERED that the movant's Rule 60(b) motion be, and it hereby is, denied. It is further ORDERED that this action be, and it hereby is, dismissed and stricken from the docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), movant shall have sixty days after the date of entry of this decree in which to appeal. The failure within that period to file with the Clerk of this court a notice of appeal of this order will render this order final and unappealable.

The Clerk is directed to forward copies of this order to the movant, all counsel of record, and the magistrate judge.

DATED: June 26, 2006

John T. Copenhaver, Jr.
United States District Judge