IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:96-00191

RICHARD L. DIXON


MEMORANDUM OPINION AND ORDER

        Pending is defendant's motion to modify sentence, filed
on March 4, 2009, pursuant to 18 U.S.C. § 3582(c)(2).  The motion
to modify sentence is based upon the November 1, 2007, amendment
to U.S.S.G. § 2D1.1, which the United States Sentencing Commission
made retroactive effective March 3, 2008.

        Section 1B1.10(b) controls a defendant's eligibility for
a reduction in sentence based upon a post-disposition guideline
amendment.  Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction
> in the defendant's term of imprisonment under 18 U.S.C.
> § 3582(c)(2) and this policy statement is warranted, the
> court shall determine the amended guideline range that
> would have been applicable to the defendant if the
> amendment(s) to the guidelines listed in subsection (c)
> had been in effect at the time the defendant was
> sentenced. In making such determination, the court shall
> substitute only the amendments listed in subsection (c)
> for the corresponding guideline provisions that were
> applied when the defendant was sentenced and shall leave
> all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10,
applic. note 1(A) ("Eligibility for consideration under 18 U.S.C.
§ 3582(c)(2) is triggered only by an amendment listed in

subsection (c) that lowers the applicable guideline range.  . . .
[A] reduction in the defendant's term of imprisonment is not
authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with
this policy statement if: (i) none of the amendments listed in
subsection (c) is applicable to the defendant . . . .").

        The September 19, 1997, Judgment reveals defendant was
sentenced, <u>inter alia</u>, to an imprisonment term of life.  The
defendant was named in six counts of a twenty-four count
indictment.  At trial, he was acquitted on one count and convicted
of five counts as follows:  (1) Count One - engaging in a
continuing criminal enterprise; (2) Count Two - conspiracy to
distribute and possess with intent to distribute cocaine and
cocaine base; (3) Count Three - possession with intent to
distribute cocaine base; (4) Count Sixteen - aiding the travel in
interstate commerce to promote the distribution of cocaine; and
(5) Count Seventeen - employment of a person under 18 to
distribute and possess with intent to distribute cocaine.  The
Presentence Report grouped the counts together pursuant to USSG §
3D1.2(d), the greater of which was used to determine the guideline
range.  The governing guideline calculation was based on a Base
Offense Level of 38 inasmuch as the defendant was found by the
court to be responsible for 11 kilograms of cocaine base.  The
defendant was also assessed with a four-level enhancement for his

2

role in the offense, a two-level enhancement for using persons less than 18 years of age to commit the offense, and a two-level enhancement for obstruction of justice.  The defendant was denied credit for acceptance of responsibility.  The defendant's Total Offense Level would have been 46 except that in cases where, as here, the total offense level is greater than 43, the total offense level is to be treated as level 43 and, when coupled with a Criminal History category of I, the resulting guideline range was life.

It appearing that the defendant is eligible, pursuant to 18 U.S.C. § 3582(c)(2), for the two-level reduction in his Base Offense Level, dropping it from 38 to 36, the Total Offense Level would also drop from 46 to 44, which remains limited to 43 and, with a Criminal History category of I, results in the same guideline range to which the defendant was subject heretofore of life.  Thus, there is no reduction of the life sentence, and his motion in this respect is accordingly denied.

To the extent the defendant seeks further relief, pursuant, inter alia, to Booker, it is ORDERED that his request be, and it hereby is, denied.  See United States v. Dunphy, 551 F.3d 247 (4ᵗʰ Cir.  2009).

3

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

ENTER:  June 29, 2009

John T. Copenhaver, Jr.
United States District Judge

4