UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:96-00191-01

RICHARD L. DIXON


MEMORANDUM OPINION AND ORDER


Pending before the Court is a motion, and supplement thereto, filed by the defendant pro se on October 29, 2013, and May 9, 2014[1], respectively, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce defendant's sentence based on a subsequent reduction in the applicable sentencing guideline.

The court observes that on November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended, resulting in reductions in the guidelines in USSG § 2D1.1 for cocaine base.  Permanent amendments implementing the Act were promulgated on April 6,

---

[1] The defendant has made additional pro se filings, entitled and filed as follows: (1) Motion Federal Rule of Criminal Procedure 36 in Conjunction to 18 U.S.C. 3582(c)(2), filed on August 28, 2014; (2) Motion to Obtain Government's Response to Defendant's 18 U.S.C. § 3582 Motion, filed on August 28, 2014; (3) Defendant's Supplement to his Federal Rule of Criminal Procedure 36, and Defendant Moves Under Amendment 505, filed August 29, 2014; (4) Advisement, filed August 29, 2014; (5) Response to Government's Reply, filed September 8, 2014; (6) Additional Documentation related to the defendant's educational certificates, filed December 9, 2014; and (7) Motion Amending [sic] to Pending Motion 3582(c)(2), filed February 25, 2015.

2011, with an effective date of November 1, 2011.  The
Sentencing Commission then voted to give retroactive effect to
the permanent amendments, and that adjustment also became
effective on November 1, 2011.

Subsequently, on November 1, 2014, the United States
Sentencing Guidelines were retroactively amended to reduce by
two levels the guidelines applicable to most drug trafficking
offenses under USSG § 2D1.1.  The amendment expanded the listing
in § 1B1.10, Reduction in Term of Imprisonment, to include
Amendment 782 as an amendment that is available for retroactive
application.

I.

The September 19, 1997, Judgment in this case reveals
defendant was sentenced, inter alia, to an imprisonment term of
life.  The defendant was named in six counts of a twenty-four
count indictment.  At trial, he was acquitted on Count Twenty-
Four and convicted of five counts as follows:  (1) Count One -
engaging in a Continuing Criminal Enterprise; (2) Count Two -
conspiracy to distribute controlled substances; (3) Count Three
- possession with intent to distribute controlled substances;
(4) Count Sixteen - aiding and abetting interstate travel with
the intent to distribute controlled substances; and (5) Count

2

Seventeen - use of a minor to distribute controlled substances.
The Presentence Investigation Report grouped the counts together
pursuant to USSG § 3D1.2(d).  Counts Two and Three were used to
determine the guideline range.  The defendant was sentenced to
life on all counts, except Count Sixteen, for which he received
a concurrent statutory maximum sentence of five years.  The
defendant's convictions and sentence were affirmed by the United
States Court of Appeals for the Fourth Circuit on October 22,
1998, except as to Count Two which was reversed on double
jeopardy grounds but does not affect the life sentence.

The governing guideline calculation by the sentencing
judge was based on a Base Offense Level of 38 inasmuch as the
defendant was found by the court to be responsible for offense
and relevant conduct exceeding 1.5 kilograms of cocaine base.
The sentencing judge did not specify an amount beyond the 1.5
kilogram threshold, although the presentence report concluded
the defendant was accountable for 11 kilograms of cocaine base.
The defendant was also assessed with a four-level enhancement
for his role in the offense, a two-level enhancement for using
persons less than 18 years of age to commit the offense, and a
two-level enhancement for obstruction of justice.  The defendant
was denied credit for acceptance of responsibility.  The
defendant's Total Offense Level would have been 46 except that

3

in cases where, as here, the total offense level is greater than 43, the total offense level is to be treated as level 43 and, when coupled with a Criminal History category of I, the resulting guideline range was life.

## II.

By orders entered on July 2, August 5, and October 31, 2014, the court directed that this matter proceed under the Standard Procedure, appointed counsel for the defendant and established a briefing schedule.  On September 4, 2014, the defendant filed by his counsel, Assistant Federal Public Defenders, George H. Lancaster, Jr., and Jonathan D. Byrne, his Memorandum of Defendant, wherein he asserts that the record does not support attributing more than 1.5 kilograms of cocaine base to the defendant, by reason of which he would be eligible under the 2011 guidelines for a reduction to a Base Offense Level of 34 and a Total Offense Level of 42.  He further asserts that he is eligible for a reduction under the 2014 amendments effective November 1, 2014, resulting in a Total Offense Level of 40, thereby lowering his guideline range to 292 to 365 months.

4

On November 25, 2014, Assistant United States Attorney Miller A. Bushong filed the Response of the United States to This Court's Order of October 31, 2014, wherein it is stated that the government concurs with the defendant in that the record does not support attributing to him more than the specific finding by the sentencing judge of 1.5 kilograms of cocaine base and that, inasmuch as the sentence imposed was not rendered as being a statutory life sentence but is a guideline life sentence, he is eligible for both the 2011 and 2014 guideline amendments.

The court finds that the defendant is eligible for a sentence reduction pursuant to both the 2011 and 2014 guideline amendments and that a Base Offense Level of 32 is thus applicable under USSG § 2D1.1(c)(4) based on 1.5 kilograms of cocaine base falling in the 840 gram to 2.8 kilogram range. With respect to Count Three, an additional four levels is assessed for leadership role, a two-level increase applies because the defendant used persons less than eighteen years of age to commit the offense, and two points are added for obstruction of justice, resulting in a Total Offense Level of 40.

The court notes that the same result is reached with respect to Count One.  The guideline for a violation of 21 U.S.C. § 848, Continuing Criminal Enterprise, is USSG § 2D1.5 and provides that the Base Offense Level for Count One is either (1) 4 plus the offense level from § 2D1.1 applicable to the underlying offense, that is, an offense level of 32 resulting in a total of 36; or (2) 38, whichever is greater.  Therefore, the Base Offense Level is 38 and, inasmuch as the enhancements listed above do not apply to a § 2D1.5 offense with the exception of two levels for obstruction of justice, the Total Offense Level is 40.

As earlier noted, a Total Offense Level of 40, coupled with a Criminal History category of I, yields a guideline sentencing range of 292 to 365 months.

In determining whether the defendant's sentence should be reduced and, if so, to what extent, the court considers the violent nature of the conduct of the defendant set forth in the Presentence Investigation Report in this case dated August 28, 1997, at paragraphs 79, 81 and 82, appearing at pages 21 and 22 of that report.  The court also considers the four instances of post-sentencing misconduct of the defendant as set forth in an e-mail response to the court's probation officer from a case manager at United States Penitentiary Lewisburg, Pennsylvania,

6

dated February 3, 2015, which misconduct occurred in the years 2008, 2009, 2010 and 2012 and resulted in the defendant's transfer to USP Lewisburg "due to the fact that he cannot be successfully managed at other USP's," which e-mail is hereby ORDERED filed herein.  The court also considers that the defendant has now been detained for 18 years and 3 months pursuant to the life sentence rendered herein, during the last fourteen months of which defendant has attempted to better himself by participating in 34 inmate education courses.

After due consideration of concerns for public safety and other applicable factors under 18 U.S.C. § 3553(a), including the post-sentencing factors noted above, it is ORDERED that the defendant's motions seeking a reduction in his life imprisonment term be, and they hereby are, granted and, the defendant's previously imposed sentence of imprisonment of life is hereby reduced to 328 months.  Except as herein otherwise provided, all provisions of the judgment dated September 19, 1997, shall remain in full force and effect.

III.


To the extent the defendant seeks further relief, pursuant, inter alia, to Booker, it is ORDERED that his request be, and it hereby is, denied.  See Dillon v. United States, 560 U.S. 817 (2010); United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009).


The Court DIRECTS the Clerk to send a copy of this Memorandum Opinion and Order to the Defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:  April 10, 2015

John T. Copenhaver, Jr.
United States District Judge